# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY CHRISTIAN PENDREGON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HUNTINGTON BEACH, AARON ECSEDY, SANDRA VIDANA, and DOES 1–10, <br><br> Defendants. | Case No.: SACV 21-00708-CJC(DFMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT** |

On April 16, 2021, Plaintiff Anthony Christian Pendregon filed the instant civil rights action in Orange County Superior Court against Defendants City of Huntington Beach, Aaron Ecsedy, Sandra Vidana, and unnamed Does asserting a number of state law claims and a federal claim arising under 42 U.S.C. § 1983. (Dkt. 1-1 [Complaint].) Defendants subsequently removed the case to this Court based on the federal question

-1-

posed by Plaintiff's § 1983 claim.  (Dkt. 1 [Notice of Removal].)  On May 11, 2021, Plaintiff amended his Complaint and dropped his § 1983 claim, the sole federal claim, leaving only state law claims.  (Dkt. 9 [First Amended Complaint].)  Now before the Court is Plaintiff's unopposed motion to remand the case to Orange County Superior Court.  (Dkt. 10.)

Because Plaintiff filed an amended complaint which eliminated his sole federal claim, the cause of action on which the Court's original jurisdiction rested is now gone. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013).  A district court may decline "supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Under § 1367(c)(3), therefore, the [C]ourt can properly exercise its discretion to remand the supplemental state law claims." *Id.* at 1209–10.  In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  These factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase").  Further, Defendants have not opposed Plaintiff's motion, which may be deemed consent to granting the motion.  Local Rule 7-12.

Accordingly, Plaintiff's motion to remand is **GRANTED** and the Court **REMANDS** the case to Orange County Superior Court.[1]

DATED: May 27, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 14, 2021, at 1:30 p.m. is hereby vacated and off calendar.